UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTIONETTE SLAUGHTER, | CASE NO. 2:25-cv-00543-JHC |
| Plaintiff, | ORDER |
| v. | |
| VALLEY VIEW ILP ET AL., | |
| Defendants. | |

Before the Court is Plaintiff's Application for Court-Appointed Counsel. Dkt. # 7. Because Plaintiff has not shown that exceptional circumstances warrant appointment of counsel in this civil case, the Court DENIES the application.

There is no right to counsel in civil actions. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998). A court may appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1), but only if there are "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). To determine if "exceptional circumstances" exist, the Court considers "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate [their] claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam). Plaintiff has not shown that

ORDER - 1

extraordinary circumstances warrant appointment of counsel: Plaintiff neither addresses the ability to articulate claims pro se in light of the issues involved nor the likelihood of the claims' success.  On this note, the form application for court-appointed counsel states, "If there has been no such finding in your favor by a government agency, you may attach a brief statement showing why your claim has merit."  Dkt. # 7 at 2.  Plaintiff did not attach such a statement.

Thus, the Court DENIES the application.

Dated this 18th day of April, 2025.

John H. Chun
United States District Judge

ORDER - 2