UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTIONETTE SLAUGHTER,<br><br>Plaintiff,<br><br>v.<br><br>VALLEY VIEW ILP ET AL.,<br><br>Defendants. | CASE NO. 2:25-cv-00543-JHC<br><br>ORDER |

**I**
**INTRODUCTION**

This matter comes before the Court sua sponte. The Court has examined self-represented Plaintiff Antionette Slaughter's complaint, Dkt. # 5, and for the reasons discussed below DISMISSES it without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

**II**
**BACKGROUND**

On March 26, 2025, Slaughter moved for leave to proceed in forma pauperis (IFP) and filed a complaint against Defendants Valley View ILP, King County and Seattle Housing Authority, Seattle Public Schools, and Creston Point Apartments. Dkt. # 1. Slaughter also filed a second complaint against Defendants King County Superior Court, Seattle and King County

ORDER - 1

Department of Housing and Urban Development, and the Washington State Human Rights Commission (specifically investigator Heidi Tramer).[1]  *Id.*  Magistrate Judge Brian A. Tsuchida granted Slaughter IFP status.  Dkt. # 4.

A complaint filed by a plaintiff proceeding IFP is subject to a mandatory sua sponte review and the court "shall dismiss the case at any time if the court determines that . . . the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *see Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

Slaughter alleges violations of the First, Fourth, Fifth, Sixth, and Fourteenth Amendments under 42 U.S.C. § 1983, and a claim under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).  Dkt. # 5 at 3.  Under the "Statement of Claim" section of the first form complaint, Slaughter alleges, "Discrimination, retaliation, Harassment, Stalking, Economic distress, Mental Distress and Mental Anguish, Emotional Distress, Financial Distress."  Dkt. # 5 at 5 (commas added).  Under the same section of the second form complaint, Slaughter vaguely alleges that on March 25, 2025, Defendants failed to be impartial, abused their authority, and are responsible for "omissions by way of coercion."  Dkt. # 5-1 at 5.  Slaughter alleges that Defendants are responsible for "Misrepresentation of Information, and Evidence Discrimination, retaliation, Harassment and Stalking Eviction, two permanent protection orders Seattle Public Schools did not call my Daughter[']s name During her High School Graduation."  *Id.*  Slaughter alleges $400,000,000 as the amount in controversy.  Dkt. ## 5 at 5; 5-1 at 5.

---

[1] Because the second complaint is attached to the first complaint, the Court considers them as one complaint.  Dkt. # 5.

ORDER - 2

### III
#### DISCUSSION

Even liberally construed, Slaughter's complaint fails to state a claim. Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 does not demand detailed factual allegations, it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Simply stating the elements of a cause of action and then supporting it by mere conclusory statements does not suffice. *See id*. The Court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Slaughter's claims are conclusory and, without additional factual allegations, are too vague to evaluate.

### IV
#### CONCLUSION

For these reasons, the Court DISMISSES without prejudice Slaughter's claims under 28 U.S.C. § 1915(e)(2)(B)(ii) and grants leave to amend within 14 days of the filing of this Order. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (when a court dismisses a self-represented plaintiff's complaint, the court must give the plaintiff leave to amend "[u]nless it is absolutely clear that no amendment can cure the defect" in the complaint). If Slaughter's amended complaint fails to meet the required pleading standard, the Court will dismiss the matter with prejudice.

Dated this 21st day of April, 2025.

John H. Chun
United States District Judge

ORDER - 3