UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTIONETTE SLAUGHTER,<br><br>Plaintiff,<br><br>v.<br><br>VALLEY VIEW ILP ET AL.,<br><br>Defendants. | CASE NO. 2:25-cv-00543-JHC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion for reconsideration, Dkt. # 16, and motion to appoint counsel, Dkt. # 17.

Plaintiff brings her motion for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b). "Motions for reconsideration are disfavored" and "[t]he court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h). Because Rule 59(e) does not provide specific grounds for a motion to amend a judgment, "the district court enjoys considerable discretion in granting or denying the motion." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citation omitted). Amending a judgment, however, is "an extraordinary remedy which should be used

ORDER - 1

sparingly." *Id.* (citation omitted). Fed. R. Civ. P. 60(b) sets forth various reasons for relieving a party from a final judgment or order. Plaintiff relies on Rule 60(b)(1), which allows for relief when there is a "mistake" or oversight and, in the alternative, Rule 60(b)(6), a catch-all provision that allows courts to grant relief "sparingly as an equitable remedy to prevent manifest injustice, and only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *In re Wylie*, 349 B.R. 204, 212 (B.A.P. 9th Cir. 2006) (quotation marks and citation omitted).

Plaintiff does not show that the Court erred, nor does she satisfy the high standard for equitable relief. First, she says that the Court failed to consider "redacted documents and supporting materials," which appear to be the sealed documents on the docket. Dkt. # 16. The Court considered these materials and, after reviewing them again, concludes that they would not alter the outcome in this case. Second, Plaintiff says that the Court has not addressed her "Application for Appointment of counsel." *Id.* But the Court denied Plaintiff's motion for appointment of counsel. Dkt. # 11. She may have not received notice of the Court's order because the mailed order addressed to her was returned as undeliverable. Dkt. # 15. Finally, Plaintiff asserts that the Court erred by "[d]ismissing the case without a complete record." Dkt. # 16. But she does not specify what is deficient in the Court's order dismissing her claims without prejudice with leave to file an amended complaint. Dkt. # 12. Plaintiff has had sufficient opportunity to develop her claims.

For these reasons, the Court DENIES Plaintiff's motion for reconsideration, Dkt. # 16. The Court also DENIES her motion to appoint counsel, Dkt. # 17, as moot.

//

//

//

ORDER - 2

Dated this 20th day of May, 2025.

*John H. Chun*
John H. Chun
United States District Judge

ORDER - 3